J-S13032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN RAY MILLER, | : | |
| | : | |
| Appellant | : | No. 1220 WDA 2018 |

Appeal from the Order Entered August 7, 2018
in the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000619-2012

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED APRIL 26, 2019**

Justin Ray Miller (Appellant) *pro se* appeals from the August 7, 2018 order, which notified Appellant the court intended to dismiss his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Because the notice appealed from was not a final order, we quash the appeal.

We glean the following facts from the record.  In 2012, Appellant was charged with one count each of possession with intent to deliver a controlled substance; possession of a controlled substance; and use or possession of drug paraphernalia.  On February 4, 2013, Appellant entered a negotiated guilty plea to the aforementioned charges.  On March 25, 2013, Appellant was sentenced to three to six years of incarceration on the possession with intent to deliver conviction.  No further penalty was imposed on the remaining counts.  Appellant did not file a post-sentence motion or direct appeal.

---

* Retired Senior Judge assigned to the Superior Court.

Appellant filed two PCRA petitions, both of which resulted in dismissal by the PCRA court and were not appealed.

On June 6, 2018, Appellant filed *pro se* the instant PCRA petition, his third. On August 7, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded on August 10, 2018, by filing a request for copies of his prior two PCRA petitions, but he did not otherwise address the PCRA court's notice of intent to dismiss. On August 22, 2018, Appellant filed the instant appeal.

As an initial matter, we must consider whether we have jurisdiction. The PCRA court has not entered a final order dismissing Appellant's third PCRA petition.[1] As noted *supra*, Appellant filed *pro se* a notice of appeal from the PCRA court's notice of intent to dismiss. Generally, an appeal may be taken only from a final order of court. **See** Pa.R.A.P. 341 (relating to final orders). Because the notice appealed from is not a final order, Appellant's appeal is premature. **See id**.; Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise **finally** disposing of a petition for post-conviction

---

[1] The PCRA court appears to be aware of this, as it indicated in its statement in lieu of opinion pursuant to Pa.R.A.P. 1925 that the August 7, 2018 order was not "a final disposition subject to appeal." Statement in Lieu of Opinion, 10/25/2018 at 1 (unnumbered). This Court may address a premature appeal when the subsequent actions of the PCRA court fully ripen it. **See** Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Here, the PCRA court took no further action in this case, leaving the PCRA matter still pending.

collateral relief shall constitute a final order for purposes of appeal) (emphasis

added).  Accordingly, we quash the appeal.

    Appeal quashed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2019